UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT; SSVF PROVIDER,

Defendants.

25-CV-8690 (JAV)

ORDER OF SERVICE

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 794 *et seq.* Plaintiff also brings claims under 42 U.S.C. § 1983 for alleged violations of his constitutional rights, and claims under state law. Plaintiff sues the New York City Department of Housing Preservation and Development (HPD) and a nonprofit referred to as "SSVF Provider," which he has not identified by name. Plaintiff seeks to proceed under a pseudonym and has not provided an address of record for service or consented to accept electronic service of documents.

By order dated November 26, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

## DISCUSSION

### A. Motion To Proceed Pseudonymously

Plaintiff seeks to proceed as John Doe. The Second Circuit established a multi-factor test in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 192 (2d Cir. 2008), for evaluating motions to proceed under a pseudonym. The interests of the defendant is a factor to be considered. *See*

*Sealed Plaintiff*, 537 F.3d at 192 ("[T]he interests of the . . . opposing party should be considered when determining whether to grant an application to proceed under a pseudonym."). Generally, it is preferable to have the benefit of the defendants' views when resolving a motion to proceed under a pseudonym, rather than addressing the motion on an *ex parte* basis. *See*, *e.g.*, *Doe v. Weinstein*, 484 F. Supp. 3d 90, 92 (S.D.N.Y. 2020) (before deciding *ex parte* motion for leave to proceed under a pseudonym, court directed plaintiff to serve defendant with the complaint and motion, and directed defendant to respond); *Doe v. Doe*, No. 20-CV-5329 (KAM)(CLP), 2020 WL 6900002, at *1 (E.D.N.Y. Nov. 24, 2020) (deferring ruling on plaintiff's *ex parte* motion to use a pseudonym until defendant had been given an opportunity to respond). Accordingly, rather than resolving this issue *ex parte*, once Defendants have appeared, the Court will grant them an opportunity to address Plaintiff's motion to proceed under a pseudonym.

**B. Defendant HPD**

Under Rule 17 of the Federal Rules of Civil Procedure, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)). New York City's Charter requires suits against agencies of the City of New York to be brought against the City of New York, rather than the agency, unless state law provides otherwise. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.").

Plaintiff names the New York City HPD as a defendant in this matter. The New York City Charter sets forth the structure and powers of the HPD. *See* N.Y. City Charter ch. 61, §§ 1800-1807; *see also Miranda v. York Hill Housing, Inc.*, No. 24-CV-9792 (JAV) (Defendant HPD's

Motion to Dismiss, ECF 57, at 9 (arguing that "HPD is a non-suable entity."). Accordingly, it appears that Defendant HPD may not be amenable to suit in its own name.

In light of Plaintiff's *pro se* status, the Court construes the amended complaint as asserting claims against the City of New York, and directs the Clerk of Court to add the City of New York as an additional defendant. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**C. Defendant SSVF Provider**

Plaintiff names Defendant "SSVF Provider," which he describes as a "federally funded nonprofit." (ECF 1 at 2, ¶ 8; ECF 4 at 3, ¶ 12.) SSVF Provider is not the true name of this defendant, and Plaintiff has not included the name of the nonprofit entity that he wishes to sue in his complaint or amended complaint. Plaintiff must name the defendant before a summons for service of process can issue for this defendant.[1]

**D. Service on Defendants HPD and City of New York**

Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed. Because Plaintiff is proceeding IFP and could not have effectuated service until the Court reviewed the complaint and ordered that the summons be issued, the Court extends the time to serve until 90 days after the date the summonses are issued.

As a litigant proceeding IFP, Plaintiff is entitled to assistance from the U.S. Marshals Service to effect service. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and

[1] Plaintiff has already filed an amended complaint as of right prior to service. *See* Fed. R. Civ. P. 15. Plaintiff can seek leave to file a proposed second amended complaint with the name of Defendant SSVF Provider, or can move to substitute the name of this defendant. Once he has named the defendant, Plaintiff can submit a properly completed summons to the Clerk of Court.

serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Plaintiff nevertheless requests that summonses be issued to him directly so that he can arrange for service on Defendants. (ECF 8). Accordingly, the Clerk of Court is directed to issue summonses as to Defendants City of New York and HPD.

If service is not effectuated within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

**CONCLUSION**

The Clerk of Court is directed to electronically notify the New York City Law Department of this order. The Clerk of Court is further instructed to issue summonses directly to Plaintiff as to Defendants City of New York and New York City Department of Housing Preservation and Development.

SO ORDERED.

Dated: October 13, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. New York City Department of Housing Preservation and Development
   100 Gold Street
   New York, New York 10038

2. City of New York
   New York City Law Department
   100 Church Street
   New York, NY 10007